THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRAIG M. FURNESS, Defendant-Appellant.

Fifth District    No. 5—87—0392

Opinion filed August 2, 1988.

846

Kelly D. Long, of Hillsboro, and Warren E. Benning, law student, of Carbondale, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Craig Furness, was arrested on February 27, 1987, for driving under the influence of alcohol as a result of an accident which occurred near Illinois Route 16 in Montgomery County. Furness was issued a notice of summary suspension pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) and charged by information with the offense of driving under the influence of alcohol in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)). The criminal charge was dismissed on motion by the State, and Furness filed a written notice in the circuit court of Montgomery County requesting a judicial hearing on the suspension pursuant to section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1). At the conclusion of the hearing, the circuit court continued the suspension and this appeal followed.

On February 27, 1987, Officer Douglas Francis was called to the scene of an accident near Illinois Route 16. Upon arriving he observed an overturned pickup truck in a field and was informed by Montgomery County Deputy Unser that another deputy was bringing Craig Furness to the scene. The deputies informed Francis that Furness was the driver of the pickup. As Officer Francis was questioning Furness, he detected the odor of alcohol on Furness' breath. Officer Francis then proceeded to give Furness the horizontal gaze nystagmus test. Based on the smell of alcohol on Furness' breath and the results of the test, Furness was placed under arrest and taken to the Montgomery County jail. Furness was given his *Miranda* rights and a breathalyzer exam, which indicated a blood-alcohol content of .15.

Furness filed a motion to rescind the summary suspension and a motion to quash his arrest and suppress all statements and evidence arising therefrom on the basis that he should have been given his *Miranda* warning at the scene and prior to any questioning regarding driving under the influence. The trial court granted the motion to suppress, but refused to quash the arrest or rescind the summary suspension. The court further ruled that Furness' statements could be used in the summary suspension hearing.

Furness' first argument on appeal is that there was no probable cause to support his arrest and without an arrest, his statutory summary suspension should have been rescinded. Specifically, Furness argues that because the State did not lay a proper foundation by way of expert testimony for the horizontal gaze nystagmus test it was not admissible for the purpose of showing probable cause for arrest. Furness also argues that the information given by him to Officer Francis for the accident report was confidential under section 11—412 of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—412) and could not be used to support probable cause for arrest. Section 11—412 specifically provides that accident reports cannot be used as evidence in any trial, civil or criminal. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—412.) Without an arrest, Furness maintains, there can be no suspension under section 11—501.

■ Section 11—501.1(a) of the Illinois Vehicle Code provides that anyone arrested for driving under the influence of drugs or alcohol is deemed to have consented to a blood, breath, or urine test. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).) Section 11—501.1 further provides that if the person arrested either refuses testing or is tested and the results disclose a blood-alcohol content of 0.10 or greater, such person's driver's license shall be automatically suspended. Section 2—118.1 of the Vehicle Code provides that anyone whose license is suspended by virtue of section 11—501 may request a judicial hearing in the circuit court of venue. The scope of such hearing is limited to four issues:

> (1) Whether the person was placed under arrest for a section 11—501 offense; and

> (2) Whether the arresting officer had reasonable grounds to believe the person was driving under the influence of alcohol or drugs; and

> (3) Whether the person refused to submit to testing; or

> (4) Whether, if tested, the test results disclosed a blood-alcohol content of 0.10 or higher.

Based upon its finding with regard to these issues, the court either

continues or rescinds the summary suspension.

Furness argues that because there was no proper foundation for the horizontal gaze nystagmus test and because accident reports are confidential, there is no evidence to support probable cause for arrest or reasonable grounds to believe he was driving under the influence of alcohol.

■■ ■ Furness relies on *People v. Vega* (1986), 145 Ill. App. 3d 996, 496 N.E.2d 501, for the proposition that the horizontal gaze nystagmus test cannot be used for probable cause for arrest. His reliance on *Vega* is misplaced. *Vega* dealt with admissibility of the test in a criminal DUI trial, not the issue of probable cause, and valid summary suspension does not require conviction for driving under the influence. (*People v. Gerke* (1988), 123 Ill. 2d 85.) Further, the horizontal gaze nystagmus test has been considered as a factor in justifying an arrest for driving under the influence. (See *People v. Griffith* (1986), 143 Ill. App. 3d 683, 493 N.E.2d 413, *cert. denied* (1987), 482 U.S. 910, 96 L. Ed. 2d 668, 107 S. Ct. 3179.) While we find no cases passing on the issue of the test's general acceptance in the scientific community or its admissibility for the purpose of proving driving under the influence, we believe that the test, when combined with other factors, is acceptable to establish probable cause for arrest. "Reasonable grounds or probable cause to effect an arrest exist when the facts and circumstances within the arresting officer's knowledge *** are sufficient to warrant a man of reasonable caution in believing that an offense has been committed ***." (*People v. Frye* (1983), 113 Ill. App. 3d 853, 858, 447 N.E.2d 1065, 1069.) The results of the horizontal gaze nystagmus were sufficient to establish probable cause that an offense had been committed.

■■ ■ Furness also argues that there was no "offender probable cause"—that there was no probable cause to show that he, Craig Furness, had in fact committed any offense. Furness' position is based on the argument that all of his statements to Officer Francis were for the accident report and were confidential under section 11—412 of the Vehicle Code or else were suppressed because made in violation of *Miranda*. Without these statements, Furness maintains, there is no evidence to show that he was the one driving the truck. We disagree. We believe the trial court ruled correctly when it declined to suppress Furness' statements for purposes of the statutory summary suspension hearing. *Miranda* warnings are designed to protect the rights of the accused in a criminal proceeding. A summary suspension hearing is not a criminal proceeding; it is a civil action designed not to punish the driver but to protect those traveling the State's highways. (*Koss*

*v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826.) This distinction was underscored in the recent *Gerke* decision, wherein our supreme court held that the summary suspension was not criminal in nature and that disposition of the summary suspension hearing was completely independent of the disposition of the underlying criminal charge. As the suspension hearing is civil in nature, we conclude that statements made to the arresting officer in violation of *Miranda*, and which would be inadmissible in a criminal proceeding, may be used to establish probable cause for arrest in a statutory summary suspension hearing. In fact, for purposes of a statutory summary suspension hearing, we do not believe *Miranda* warnings are necessary at all. Further, we find there is sufficient evidence independent of Furness' statements to establish probable cause for arrest. The overturned truck belonged to Furness; it was Furness who had phoned the police after the accident; Furness was brought to the scene by a county deputy to make an accident report; and the deputy informed Officer Francis that it was Furness who had been driving the truck. We find this sufficient to establish probable cause that Furness was in fact the person who was driving the truck. Based on the foregoing, we conclude that there was probable cause for arresting Furness and that Officer Francis had reasonable grounds to believe he was driving under the influence of alcohol.

■ The sole remaining issue is whether the breathalyzer test results were properly admitted. Citing *People v. Orth* (1987), 154 Ill. App. 3d 144, 506 N.E.2d 960, Furness argues that the State failed to lay a foundation for the accuracy of the breathalyzer unit. In *Orth* there was no testimony regarding the officer's knowledge or expertise in operating the unit or the accuracy of the unit itself. In the present case, Officer Francis testified that he had 40 hours of training and was certified to operate the unit and followed all of the policies and procedures of the Department of Public Health in administering the test. This testimony, along with Officer Francis' own official reports, constitutes sufficient foundation to permit admission of the test results for purposes of a statutory summary suspension hearing.

The judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.