No. 2--02--0055

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE VILLAGE OF ALGONQUIN, ) Appeal from the Circuit Court

) of McHenry County.

Plaintiff-Appellant, )

)

v. ) No. 01--TR--48324

)

JOAN TILDEN, ) Honorable

) Michael T. Caldwell,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

The Village of Algonquin (the Village) appeals from the trial court's order rescinding the statutory summary suspension of the driving privileges of defendant, Joan Tilden.  On appeal, the Village contends that the trial court committed reversible error when it  excluded defendant's incriminating statements made before the arrest and barred the Village from calling defendant as an adverse witness at the hearing.  We reverse.

FACTS

At 2:49 p.m. on November 5, 2001, Algonquin police officer Timothy Wilkin arrested defendant for driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(1) (West 2000)) after she failed several roadside sobriety tests and chemical testing revealed that her blood-alcohol concentration was 0.223.  The Secretary of State summarily suspended defendant's driving privileges pursuant to section 11--501.1(e) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11--501.1(e) (West 2000)).  The three-month statutory summary suspension was to begin on December 21, 2001.  See 625 ILCS 5/6--208.1(a)(2) (West 2000).

On November 21, 2001, defendant petitioned to rescind the suspension under section 2--118.1 of the Vehicle Code (625 ILCS 5/2--118.1 (West 2000)).  The petition alleged several statutory grounds for a rescission, but at the hearing, defendant argued only that Wilkin lacked reasonable grounds to believe that defendant was driving or in actual physical control of her vehicle upon a highway while under the influence of alcohol or another drug.  See 625 ILCS 5/2--118.1(b)(2) (West 2000).

Wilkin testified that he was at the Shell gas station in Algonquin when an unidentified person approached Wilkin, pointed to defendant, and stated that she was "bombed."  Defendant was sitting in the driver's seat of her car and the engine was running.  Defendant was parked at the gas station, and Wilkin never observed defendant driving on a public highway or violating any traffic law.  Wilkin testified that he approached defendant and asked her how she arrived at the gas station.  However, because Wilkin had failed to advise defendant of her rights under 
Miranda v. Arizona
, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), before questioning her, the court did not allow him to testify to what she said.  The court permitted Wilkin to describe his other observations.

When he spoke with defendant, Wilkin detected a strong odor of perfume but he did not smell alcohol.  Defendant's eyes were "glassy, glazed-over, and bloodshot."  Defendant stuttered and slurred her speech, and she could not answer simple questions quickly.  Wilkin saw that defendant's front passenger-side tire was flat and had a two-inch tear.  Wilkin's sworn report noted that defendant admitted consuming four vodka drinks before leaving home on the date of the arrest, but this information was suppressed at the hearing.

Defendant exited the vehicle and submitted to several field sobriety tests.  Defendant was directed to complete the one-legged stand test, but she could not even lift her foot off the ground.  Defendant also failed the "finger-to-nose" and horizontal gaze nystagmus tests.  After a portable breath test revealed that defendant's blood-alcohol concentration was 0.223, Wilkin arrested her.

The Village called defendant to testify as an adverse witness, and she objected, citing the right against self-incrimination prescribed by the fifth amendment to the federal constitution.  The court sustained the objection, only briefly commenting that defendant did not waive her rights by filing the petition to rescind the suspension.  The court rescinded the statutory summary suspension after concluding that Wilkin lacked probable cause to arrest defendant for DUI.  This timely appeal followed.

ANALYSIS

Officer Wilkin formally arrested petitioner after she told him that she had consumed four vodka drinks before driving to the gas station, and the trial court suppressed these statements.  On appeal, the Village contends that (1) Wilkin did not violate defendant's 
Miranda
 rights and, therefore, the trial court erroneously suppressed the incriminating statements; (2) even if Wilkin did not comply with 
Miranda
 before questioning defendant, the statements were admissible at the statutory summary suspension hearing because the proceeding was civil rather than criminal; and (3) defendant waived her right to decline to testify when she filed her petition to rescind the statutory summary suspension of her driving privileges.

Generally, a reviewing court will reverse a trial court's decision on a motion to suppress statements only if that ruling is manifestly erroneous.  However, 
de
 
novo
 review is appropriate if neither the facts nor the credibility of the witnesses is at issue.  
People v. Patel
, 313 Ill. App. 3d 601, 603 (2000).  We apply a 
de
 
novo
 standard of review in this case because the trial court accepted the testimony of Officer Wilkin, who was the only person to testify at the hearing.  See 
Patel
, 313 Ill. App. 3d at 603-04.

In 
Miranda
, the Supreme Court held that the State may not use statements made during a suspect's custodial interrogation unless procedural safeguards were used to preserve the privilege against self-incrimination.  The Court held that suspects interrogated while in police custody must be told that they have a right to remain silent, that anything they say may be used against them in court, that they are entitled to the presence of an attorney at the time of the interrogation, and that if they cannot afford an attorney, one will be appointed for them.  
Patel
, 313 Ill. App. 3d at 604, citing 
Miranda
, 384 U.S. at 444, 16 L. Ed. 2d at 706-07, 86 S. Ct. at 1612.

The Village concedes that defendant did not receive any 
Miranda
 warnings before she made the incriminating statements.  However, the Village asserts that the arresting officer nevertheless complied with 
Miranda
 because defendant was not "in custody" when she was questioned.  We need not decide the issue because we conclude that any noncompliance with 
Miranda
 would not require excluding defendant's statements in this case.  We follow the Fourth and Fifth Districts of the Illinois Appellate Court, which have held that statements made in violation of 
Miranda
, which would be otherwise inadmissible in a criminal proceeding, may be considered in a proceeding to rescind a statutory summary suspension of driving privileges.  
People v. Pelc
, 177 Ill. App. 3d 737, 741 (1988); 
People v. Furness
, 172 Ill. App. 3d 845, 849-50 (1988).

It is well established that statutory summary suspension proceedings are civil rather than criminal, and the disposition of a petition to rescind the suspension is completely independent of the disposition of the underlying criminal charge.  
People v. Orth
, 124 Ill. 2d 326, 337 (1988); 
People v. Gerke
, 123 Ill. 2d 85, 93 (1988).  A license suspension under section 11--501.1 of the Vehicle Code arises in the context of a criminal DUI action in which the prosecution must prove guilt, but the burden of proving a 
prima
 
facie
 case for rescinding the civil suspension rests on the motorist.  
People v. Smith
, 172 Ill. 2d 289, 295 (1996).  Furthermore, section 2--118.1 provides that a suspension rescission hearing must proceed in the circuit court " '
in the same manner as in other civil proceedings
.' "  (Emphasis in original.)  
Orth
, 124 Ill. 2d at 337, quoting Ill. Rev. Stat. 1985, ch. 95½, par. 2--118.1(b) (now 625 ILCS 5/2--118.1 (West 2000)).

In 
Pelc
 and 
Furness
, the appellate court distinguished civil and criminal matters and emphasized that 
Miranda
 warnings are designed to protect the rights of an accused in criminal proceedings only.  However, a statutory summary suspension of driving privileges is a civil matter designed not to punish the offending driver but to protect those traveling the state's highways.  
Pelc
, 177 Ill. App. 3d at 741; 
Furness
, 172 Ill. App. 3d at 849.  Therefore, 
Miranda
 warnings are unnecessary for purposes of a statutory summary suspension hearing.  
Furness
, 172 Ill. App. 3d at 850.

Defendant contends that 
Pelc
 and 
Furness
 were wrongly decided, and she cites 
Romanelli v. Commissioner of Internal Revenue
, 466 F.2d 872 (7th Cir. 1972), for the proposition that a 
Miranda
 violation is a ground for excluding a defendant's statement at a hearing to rescind a driving suspension.  In 
Romanelli
, special agents of the Internal Revenue Service (IRS) executed a search warrant at Romanelli's tavern to investigate suspected gambling activity.  In the tax proceeding, the trial court declined to admit Romanelli's statements taken without 
Miranda
 warnings.  The Seventh Circuit reversed, noting that permitting the IRS to "infringe upon Romanelli's constitutional protection against self-incrimination, to an extent that the right to use his statements to establish a criminal charge was forfeited, but to award the advantage of using his statements in establishing civil liability seem[ed] unwholesome and an abuse of power."  
Romanelli
, 466 F.2d at 879.  In reaching this conclusion, the reviewing court balanced the goal of deterring proscribed police conduct against the government's interest in its civil case.  The court acknowledged, only in passing, the well-settled principle that the rules governing confessions in criminal cases do not apply to civil cases.  See, 
e.g.
, 
Harris v. New York
, 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971).  We determine that defendant's reliance on 
Romanelli
 is misplaced.

Four years after 
Romanelli
 was decided, the Supreme Court  expressly rejected the assertion that "the requirements of [
Miranda
] must be met to render pretrial statements admissible in other than criminal cases."  
Baxter v. Palmigiano
, 425 U.S. 308, 315, 47 L. Ed. 2d 810, 819, 96 S. Ct. 1551, 1556 (1976).  The Court held that, because the prisoner in that case was not entitled to appointed counsel at a prison disciplinary hearing, the prison authorities did not err in failing to advise him to the contrary.  
Baxter
, 425 U.S. at 315, 47 L. Ed. 2d at 819-20, 96 S. Ct. at 1556-57.  Although 
Baxter
 involved 
Miranda
 warnings of the right to appointed counsel rather than the privilege against self-incrimination, the case is illustrative here because the prison disciplinary proceeding in 
Baxter
 and the hearing on defendant's petition were both civil.  In agreement with 
Pelc
, 
Furness
, and 
Baxter
, we hold that a defendant's incriminating statements are not inadmissible in a statutory summary suspension hearing merely because they were elicited without the procedural safeguards prescribed by 
Miranda
.  Accordingly, we conclude that the trial court committed reversible error in excluding defendant's statements at the hearing on her petition to rescind the suspension.

The Village next argues that it should have been permitted to call defendant as an adverse witness because she implicitly waived any fifth-amendment privilege against self-incrimination when she filed the petition to rescind the statutory summary suspension of her driving privileges.  Defendant responds that 
People v. James
, 304 Ill. App. 3d 52 (1999), granted her a fifth-amendment privilege against self-incrimination in the civil suspension proceedings. 

The fifth amendment to the federal constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const., amend. V.  In 
James
, this court held that during 
voir
 
dire
 the prosecutor was erroneously permitted to question prospective jurors
 as to whether they had used illegal drugs.  
James
, 304 Ill. App. 3d at 60.  After noting that jury duty is involuntary, we broadly stated that "the privilege against self-incrimination is not dependent upon the nature of the cause in which the testimony is sought or is to be used.  It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it."  
James
, 304 Ill. App. 3d at 59.

This case is distinguishable from 
James
.  The prospective  jurors in 
James
 were compelled to testify in an involuntary proceeding, but defendant voluntarily petitioned to rescind her summary suspension here.  Therefore, defendant's filing of her petition waived any right against self-incrimination that she might have had in the suspension proceedings.  
Cf.
 
Galante v. Steel City National Bank of Chicago
, 66 Ill. App. 3d 476, 482 (1978) (a plaintiff may not pursue a civil action while simultaneously invoking the fifth amendment in refusing to comply with discovery requests, the answers to which might substantially aid the defense).

We find further support for our decision in 
People v. Lindsey
, 199 Ill. 2d 460 (2002), in which the supreme court held that a probationer may be compelled to testify at a probation revocation hearing.  In 
Lindsey
, the defendant pleaded guilty to aggravated criminal sexual abuse and received a four-year term of sex-offender-specific intensive probation.  The defendant completed intensive treatment and was ordered to complete additional outpatient sessions at specific times as part of a work release program.  The defendant twice signed out of the county jail in violation of the program, and the State filed a petition to revoke probation.  At the hearing, the State called the defendant as an adverse witness, and he was forced to testify about his unauthorized excursions.  The trial court revoked probation, and the defendant appealed, alleging a violation of article I, section 10, of our state constitution, which provides that "[n]o person shall be compelled in a criminal case to give evidence against himself."  Ill. Const. 1970, art. I, §10.

The supreme court affirmed the probation revocation, noting that such proceedings are civil rather than criminal.  
Lindsey
, 199 Ill. 2d at 467.  The court held that the defendant's privilege against self-incrimination had not been violated because his testimony "only impacted his probationary status and did not realistically expose him to any further proceedings, such as indirect criminal contempt sanctions."  
Lindsey
, 199 Ill. 2d at 470.

We acknowledge that this case is factually distinguishable from 
Lindsey
 because, here, defendant faced a contemporaneous criminal action at the time she petitioned to rescind the license  suspension.  The majority opinion in 
Lindsey
 does not anticipate the situation in which a motorist's testimony as an adverse witness in the suspension hearing might create criminal liability in the underlying criminal DUI matter.

However, Justice Freeman's concurring opinion in 
Lindsey
 guides our analysis by citing 
Minnesota v. Murphy
, 465 U.S. 420, 79 L. Ed. 2d 409, 104 S. Ct. 1136 (1984).  In 
Murphy
, the Court held that " 'a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination.' "  
Lindsey
, 199 Ill. 2d at 481 (Freeman, J., specially concurring), quoting 
Murphy
, 465 U.S. at 435 n.7, 79 L. Ed. 2d at 425 n.7, 104 S. Ct. at 1146 n.7.

As discussed, hearings on petitions to revoke probation and to rescind a statutory summary suspension of driving privileges are both civil.  Therefore, we reconcile 
Galante
, 
James
, and 
Lindsey
 and hold that a motorist's fifth amendment right against self-incrimination is not violated when he is compelled to testify as an adverse witness in a hearing on his petition to rescind a statutory summary suspension of driving privileges, but any incriminating testimony from the civil proceeding is inadmissible in other criminal proceedings, such as a contemporaneous DUI action.  We conclude that the trial court committed reversible error in barring the Village from calling defendant as an adverse witness because the ruling substantially prejudiced the Village's civil case.

For the preceding reasons, the order of the circuit court of  McHenry County is reversed.

Reversed.

GROMETER and KAPALA, JJ., concur.