THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILL OTIS TAYLOR, Defendant-Appellant.

Fourth District   No. 4—87—0175

Opinion filed December 30, 1987.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a stipulated bench trial in the circuit court of Champaign County, defendant Will Otis Taylor was convicted of possessing 10 to 30 grams of cocaine with intent to deliver in violation of section 401(b)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)), on February 6, 1987. The court sentenced him to eight years' imprisonment. He appeals, contending that the court erred in denying his pretrial motion to suppress evidence, which was based upon the theory that evidence of defendant's possession of the controlled substance was obtained by virtue of the police officer's arresting him without probable cause. We affirm.

Probable cause exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of

reasonable caution in believing that an offense has been committed and that the person arrested did it. The probabilities involved in such determinations are not technical. They are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *People v. Moody* (1983), 94 Ill. 2d 1, 7-8, 445 N.E.2d 275, 278.

Section 107—2(1)(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 107—2(1)(c)) allows arrest without a warrant when the officer has reasonable grounds to believe that the person is committing or has committed an offense. The term "reasonable grounds" has been interpreted as having the same meaning as probable cause. (*People v. Tisler* (1984), 103 Ill. 2d 226, 236-37, 469 N.E.2d 147, 153.) In determining whether a warrantless arrest meets the probable cause standard, the court should look at the totality of the circumstances. (*People v. Moody* (1983), 94 Ill. 2d 1, 445 N.E.2d 275.) In reviewing a trial court's denial of a defendant's motion to quash an arrest for lack of probable cause, courts will not disturb a trial court's finding of probable cause to arrest unless that finding was manifestly erroneous. *People v. Cabrera* (1987), 116 Ill. 2d 474, 508 N.E.2d 708.

The evidence at the hearing on the motion to suppress showed the following: from phone calls, letters, and interviews with confidential sources, the Champaign police department received reports that drug trafficking occurred regularly at the Bradley-McKinley apartment complex in Champaign. Several reports focused on activities in apartment No. 50 and the north parking lot. Intelligence revealed drugs were being sold by several people, including defendant and his brother, from several different automobiles in the northeast corner of the parking lot. These reports of drug sales from cars were corroborated by police surveillance of the parking lot and apartment No. 50 on October 16 and 17, 1986. Although information received by police linked defendant with a yellow Lincoln, other reports indicated defendant and his brother drove a number of different cars. Investigator Michael Cook, who supervised surveillance on the day of the arrest, testified at the suppression hearing that intelligence showed defendant drove a green Chevrolet, and that the Taylors also had access to an associate's car, a green Chevrolet with a black roof.

Investigator Cook testified that during surveillance conducted on the morning of November 6, 1986, a green Chevrolet with a black top parked in the northeast corner of the north parking lot. A computer check of the license plate showed the car registered to a person named Taylor in Chicago. From 9:09 a.m. to 12:31 p.m. on No-

vember 6, Investigator Cook observed five different exchanges between defendant, who was the driver of the Chevrolet, and various persons who approached the car. The officer testified the very brief exchanges were consistent with his knowledge of drug trafficking activity.

Although an isolated act may appear innocent, a series of similar transactions, by virtue of the repetition, may be sufficient to support an arrest. (*People v. Wexler* (1969), 116 Ill. App. 2d 400, 407, 254 N.E.2d 95, 99.) Investigator Cook had over 17 years' experience as a police officer. The parties stipulated to his long experience in enforcing narcotics laws. In determining whether probable cause existed, the officer's factual knowledge, based on his prior law enforcement experience, is relevant. *People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.

Taken together, the officer's observations and previous surveillance based on intelligence of drug activity involving defendant's vehicle and the area in which it was parked provided sufficient grounds to establish probable cause for arrest. Thus, the evidence showed much more than defendant's mere propinquity to other individuals suspected of criminal activity, which was deemed to be insufficient to give rise to probable cause in *Ybarra v. Illinois* (1979), 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338. The order of the circuit court denying the motion to suppress was not contrary to the manifest weight of the evidence. *People v. Cabrera* (1987), 116 Ill. 2d 474, 508 N.E.2d 708.

We affirm.

Affirmed.

LUND and SPITZ, JJ., concur.