THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRAD G. PELC, Defendant-Appellant.

Fourth District    No 4—88—0402

Opinion filed December 22, 1988.

Ripplinger & Dixon, of Belleville, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On February 12, 1988, defendant was arrested for driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)) as the result of an accident which had occurred earlier that evening. Defendant was issued notice of the statutory summary suspension of his driving privileges (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1) and filed a petition to rescind the summary suspension (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). Defendant appeals the trial court's denial of his petition, arguing the trial court erred in admitting his pre-*Miranda* statements, the arresting officer lacked probable cause to arrest him, and the operator of the breathalyzer machine was not properly qualified.

We affirm.

Donald Shepard, a police officer for the City of Champaign, testified he issued defendant a ticket for driving under the influence of alcohol on February 12, 1988. He did not see defendant drive a vehicle that evening. He met defendant at his room in a student housing facility and issued the ticket. Defendant then rested his case.

On cross-examination, Shepard stated he was sent to the scene of an accident at 7:38 p.m. on February 12. He saw a vehicle with its emergency lights on parked in the eastbound traffic lane on Armory Street. The driver of the vehicle, Robyn Key, a pizza delivery person, stated she had just been involved in an accident. Key had delivered a pizza and was completing a location sheet when the rear of her vehicle was bumped by another vehicle. Key related that both drivers exited their vehicles. The driver of the other car staggered, almost fell, smelled of alcohol, and had very bloodshot eyes. Key asked him where they should go to call the police. The other driver asked if they could not wait until the next day to report the accident. Key stated they should call that night. The other driver then gave her the year and make of his car. Since traffic was on the road, Key suggested they move their cars off the street. The other driver returned to his vehi-

cle and took off. Key wrote his license plate number down.

Shepard stated he then ran the license plate number, found the car registered in the St. Louis area to defendant, looked for defendant in the student directory, and located his room number. Shepard, accompanied by a desk clerk, went to defendant's room. The door was open and defendant was lying on his bed. However, after Shepard knocked on the door, defendant opened his eyes and told Shepard to enter.

Shepard further stated he asked whether defendant had recently been involved in an accident. Defendant stated that he had been. Shepard observed defendant's eyes were bloodshot, his clothing mussed, his breath smelled of alcohol, and his speech was extremely slurred. It had been approximately 45 to 50 minutes since the accident, although defendant thought it had been an hour and a half. Shepard gave defendant several field tests. Defendant did poorly on two of them.

Shepard did not observe any open alcohol containers in the room, though he looked for them. He arrested defendant for driving under the influence of alcohol. Defendant then said he had consumed alcohol after the accident. On redirect examination, Shepard stated the roads were icy on February 12, 1988. He issued Key a ticket for parking illegally.

Dale Miholic, a Champaign police officer, testified he is an operator for breath-testing machines and is licensed by the Department of Health. His license was valid on February 12, 1988. The court overruled defendant's objection on best evidence grounds. Miholic administered a breathalyzer test to defendant on February 12, 1988. A copy of his license was admitted into evidence. The license shows it was issued to a "Dale Mihole." The breathalyzer test showed defendant had a blood-alcohol content of .16. The trial court denied defendant's petition to rescind the summary suspension of defendant's driving privileges.

Initially, defendant argues he should have been advised of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, prior to Shepard's questioning him about involvement in an accident. The State argues *Miranda* does not apply and, if it does, defendant was not subject to custodial interrogation.

■ In *Miranda*, the United States Supreme Court held that in order to safeguard the privilege against self-incrimination, *Miranda* warnings must be given to any person subject to custodial interrogation. Custodial interrogation is questioning initiated by law enforcement officers after a person has been arrested or otherwise deprived of his freedom in any significant manner. However, the *Miranda* court emphasized it in no way sought to hamper traditional investiga-

tory questioning by law enforcement officers. *Miranda,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; *People v. Fasse* (1988), 174 Ill. App. 3d 457, 528 N.E.2d 1049; *In re N.E.R.* (1987), 159 Ill. App. 3d 320, 512 N.E.2d 132.

■ Factors utilized in determining whether a person is in custody include: (1) the place of the interrogation; (2) statements or nonverbal conduct indicating the accused is not free to leave; (3) the extent of the police officer's knowledge and the focus of his investigation; and (4) the intention of the police officer. (*People v. Durham* (1986), 142 Ill. App. 3d 473, 491 N.E.2d 832.) The determination focuses upon a practical consideration of whether a reasonable person innocent of any offense would believe he was in custody. *N.E.R.,* 159 Ill. App. 3d at 324, 512 N.E.2d at 134.

■ Application of the factors previously noted establishes defendant was not subject to custodial interrogation at the time he stated he was involved in an accident. He was in his own room, in a noncoercive environment, the door was open, Shepard was investigating an accident report, and merely asked investigatory questions. The court correctly admitted the statement. (*Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138; *Pennsylvania v. Bruder* (1988), 488 U.S. ____, 102 L. Ed. 2d 172, 109 S. Ct. 205.

■ We note in *People v. Furness* (1988), 172 Ill. App. 3d 845, 849-50, 526 N.E.2d 947, 949, the appellate court held a trial court correctly declined to suppress statements in a statutory summary suspension proceeding. The appellate court noted *Miranda* warnings were designed to protect the rights of an accused in a criminal proceeding. Statutory summary suspension of driving privileges is a civil matter and designed to protect persons on the roadways rather than to punish the driver. Since this is true, statements made in violation of *Miranda,* which would be inadmissible in criminal proceedings, can properly be considered to establish probable cause for the arrest in a summary suspension proceeding. The *Furness* court stated it believed *Miranda* warnings were not necessary for purposes of summary suspension. See also *Berkemer,* 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138; *Bruder,* 488 U.S. ____, 102 L. Ed. 2d 172, 109 S. Ct. 205.

■ Defendant next argues that no probable cause existed to arrest him. A police officer may arrest a person without a warrant when he has reasonable grounds to believe the person is committing or has committed an offense. "Reasonable grounds" is synonymous with probable cause for purposes of arrest. (*People v. Davis* (1981), 98 Ill. App. 3d 461, 424 N.E.2d 630.) Probable cause exists when the totality of the facts and circumstances known to the officers is such

that a reasonable man would believe the suspect is committing or has committed a crime. (*People v. Montgomery* (1986), 112 Ill. 2d 517, 494 N.E.2d 475, *cert. denied* (1986), 479 U.S. 866, 93 L. Ed. 2d 151, 107 S. Ct. 1329; *People v. Taylor* (1987), 165 Ill. App. 3d 64, 518 N.E.2d 662.) The determination is a commonsense, practical one. (*People v. James* (1987), 118 Ill. 2d 214, 225, 514 N.E.2d 998, 1003.) The trial court's finding of probable cause to arrest will only be reversed when it is contrary to the manifest weight of the evidence. *Taylor*, 165 Ill. App. 3d 64, 518 N.E.2d 662; *People v. Tribett* (1981), 98 Ill. App. 3d 663, 424 N.E.2d 688.

■ In the instant case, Shepard received a report of an accident wherein the driver appeared intoxicated. He located defendant, who admitted involvement in an accident. Defendant's eyes were bloodshot, his speech slurred, and his appearance disheveled. He smelled of alcohol. Shepard administered field-sobriety tests to defendant, who performed poorly. Shepard correctly considered defendant's statement to him (see *Furness*, 172 Ill. App. 3d 845, 529 N.E.2d 947), which corroborated the other information indicating defendant had been driving while intoxicated. The trial court's determination of probable cause to arrest defendant is supported by the manifest weight of the evidence.

Next, defendant argues the operator of the breathalyzer machine, Miholic, was not properly licensed. Defendant argues the best evidence of Miholic's authority to conduct breathalyzer tests is his license. Since the license was issued to a Dale Mihole, Miholic's oral testimony was inadmissible, and the court must conclude Miholic was not licensed to operate the breathalyzer machine when he administered defendant's test.

■ Defendant misunderstands the purpose of the best evidence rule. The best evidence rule applies only when the contents or terms of a writing are in issue and must be established. As stated in *People ex rel. Illinois State Dental Society v. Vinci* (1976), 35 Ill. App. 3d 474, 478, 342 N.E.2d 206, 209, when Vinci argued that the failure of plaintiff to introduce the list of licensed Illinois dentists:

> "[D]efendant argues that without introduction of the above list, plaintiffs violated the best evidence rule by attempting to prove circumstantially that defendant was not licensed. No inference of any kind would arise from such violation. Furthermore, the rule is not even applicable but is limited to instances where the contents of a writing are in issue and must be proved."

■ Here, the issue was not the contents of the license, but whether Miholic was qualified and authorized to conduct breathalyzer

examinations. His qualifications and authority have an existence independent of the writing, even though the license is evidence of the qualifications and authority. Therefore, the best evidence rule does not apply and Miholic's testimony was properly admitted. *Vinci*, 35 Ill. App. 3d 474, 342 N.E.2d 206; *Continental Illinois National Bank & Trust Co. v. Eastern Illinois Water Co.* (1975), 31 Ill. App. 3d 148, 334 N.E.2d 96; M. Graham, Cleary & Graham's Handbook of Illinois Evidence §1001.1, at 652-53 (4th ed. 1984).

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ and GREEN, JJ., concur.