THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY L. WENINGER, Defendant-Appellant.

Third District   No. 3—95—0758

Opinion filed October 3, 1997.

Sherry R. Silvern, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Defendant Rodney L. Weninger appeals from the trial court's denial of his petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)). We affirm.

## PROCEDURAL CONTEXT

The defendant was convicted of aggravated criminal sexual assault and criminal sexual assault (720 ILCS 5/12—14(b)(1), 12—13(a)(3) (West 1992)) of his 10-year-old adopted daughter, T.W. On April 6, 1992, he was sentenced to 15 years in the Department of Corrections. The defendant appealed, arguing that (1) the State's evidence was insufficient to convict; and (2) the court erred in permit-

ting T.W. to testify on closed circuit television pursuant to the Code of Criminal Procedure of 1963 (the Child Shield Act or the Act) (725 ILCS 5/106B—1 (West 1992)). This court affirmed, holding that the evidence proved the defendant guilty beyond a reasonable doubt and the defendant's sixth amendment right of confrontation was not violated by the Act on its face or as applied. *People v. Weninger*, 243 Ill. App. 3d 719, 611 N.E.2d 77 (1993), *appeal denied*, 152 Ill. 2d 578, 622 N.E.2d 1225 (1993).

On October 31, 1994, the defendant filed a petition for postconviction relief, arguing that (1) application of the Act deprived him of his right to a face-to-face confrontation with T.W. under section 8 of article I of the Illinois Constitution; and (2) he had received ineffective assistance of counsel. After reviewing the parties' arguments and relevant case law, the court denied the petition. Our consideration of the issues on appeal requires a brief overview of the Act.

## THE CHILD SHIELD ACT

At the time of the defendant's trial and during the pendency of his direct appeal, the Child Shield Act permitted child sex offense victims, under certain circumstances, to testify via closed circuit television outside the physical presence of the defendant. 725 ILCS 5/106B—1 (West 1992). The procedure had passed federal constitutional muster (*Maryland v. Craig*, 497 U.S. 836, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990)); however, there were no reported opinions ruling on the Act's validity under the Illinois Constitution. On February 17, 1994, after the mandate was issued on the defendant's direct appeal and his petition for leave to appeal was denied, the Illinois Supreme Court struck down the Act, holding that it violated the "face-to-face" confrontation clause of the state constitution (Ill. Const. 1970, art. I, § 8). *People v. Fitzpatrick*, 158 Ill. 2d 360, 633 N.E.2d 685 (1994).

The Illinois Constitution was subsequently amended to remove the "face-to-face" language of article I, section 8, and conform this state's confrontation clause to the confrontation clause of the sixth amendment of the federal constitution. Ill. Const. 1970, art. I, § 8 (amended November 8, 1994). The Child Shield Act was then reenacted. 725 ILCS 5/106B—5 (West Supp. 1995).

In the meantime, *People v. Dean*, 175 Ill. 2d 244, 677 N.E.2d 947 (1997), was pending direct review when *Fitzpatrick* was handed down. There, as in this case and *Fitzpatrick*, the child victim had testified by closed circuit television outside the defendant's physical presence. At issue in *Dean* was whether, given the subsequent amendment to the state constitution and reenactment of the Act, the defendant was

entitled to a new trial pursuant to *Fitzpatrick*. A divided appellate court had held that the state constitutional amendment cured any error in Dean's trial. *People v. Dean*, No. 3—93—0659 (1995) (unpublished order under Supreme Court Rule 23). The supreme court, however, disagreed, noting that an opinion declaring a new constitutional rule is to be applied retroactively to criminal cases pending direct review at the time the new rule is announced. Since *Fitzpatrick* was clearly a new rule of constitutional dimension, the court granted Dean a new trial in which he would be entitled to confront the victim face-to-face. *Dean*, 175 Ill. 2d at 261, 677 N.E.2d at 955.

## ISSUES AND ANALYSIS

### Retroactive Application of *Fitzpatrick*

The defendant initially contends that the trial court improperly determined that he is not entitled to the benefit of *Fitzpatrick* on the basis of his claim for postconviction relief. He asserts that *Fitzpatrick* was pending direct review in the supreme court contemporaneously with his own petition for leave to appeal. Under these circumstances, he argues, he should be granted a new trial even though his case was no longer on direct review when the court issued its opinion in *Fitzpatrick*. We disagree.

■ The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)) provides a collateral remedy for defendants who claim that substantial violations of their constitutional rights occurred during trial. *People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991). However, new constitutional rules are not to be applied retroactively to cases on collateral review except where the new rule (1) places certain kinds of individual conduct beyond the scope of the criminal laws; or (2) requires the observance of procedures "implicit in the concept of ordered liberty." *People v. Flowers*, 138 Ill. 2d 218, 241, 561 N.E.2d 674, 683 (1990), citing *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989). The defendant does not contend that the rule of *Fitzpatrick* falls within the first exception, but argues that T.W.'s testimony on closed circuit television outside his presence "seriously undermine[d] the notion that [his] conviction *** was obtained accurately."

Obviously, any trial error of constitutional dimension is serious. However, our supreme court has held that the second exception, which the defendant seeks to apply in this case, is to be narrowly construed. *Flowers*, 138 Ill. 2d 218, 561 N.E.2d 674. Where, as here, the constitutional issue is one affecting the conduct of a trial without directly implicating the determination of guilt or innocence, the exception is unavailing. See, *e.g., Flowers*, 138 Ill. 2d 218, 561 N.E.2d

674 (exception inapplicable to *Reddick* issue relating to burden-shifting voluntary manslaughter jury instructions); *People v. Moore*, 282 Ill. App. 3d 602, 668 N.E.2d 1181 (1996) (exception inapplicable to rule of *Kilpatrick* precluding an increase of a single sentence to a period within the aggregate period of improperly imposed consecutive sentences); cf. *People v. Jimerson*, 166 Ill. 2d 211, 652 N.E.2d 278 (1995) (defendant granted new trial on postconviction petition despite waiver of challenge to State's knowing use of perjured testimony).

■ In this case, it cannot be said that the violation of the defendant's right to confront T.W. face-to-face affected the determination of his guilt or innocence or otherwise undermined an accurate conviction. The trial judge found that T.W. would likely suffer severe adverse effects by testifying in the courtroom; he did not find that she could not reasonably communicate. See 725 ILCS 5/106B—1(a)(1)(ii) (West 1992). On direct appeal, we affirmed the court's ruling and found that the evidence was sufficient to convict. *Weninger*, 243 Ill. App. 3d 719, 611 N.E.2d 77. Under the circumstances, there is no reason to believe that the same evidence would not have been introduced if T.W. had confronted the defendant face-to-face. The defendant's bald speculation that T.W. might not have testified without the benefit of the Act is just that. It is unsupported by anything in the record. Cf. *Dean*, 175 Ill. 2d 244, 677 N.E.2d 947 (child victim had refused to testify in open court at defendant's first trial). Accordingly, we find that the rule of *Fitzpatrick* does not apply retroactively to afford postconviction relief.

## Ineffective Assistance of Counsel

The defendant next argues that he received ineffective assistance of trial and appellate counsel because his attorneys waived a challenge to the constitutionality of the Act under section 8 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, § 8). The defendant points out that his petition for leave to appeal to the supreme court was denied on October 28, 1993. He suggests that his attorney should have supplemented his brief by adding the state constitutional challenge that was then pending supreme court review in *Fitzpatrick*.

■ To establish a claim of ineffective assistance of trial counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). A defendant must overcome a strong presumption that counsel acted within a wide range of reasonable, competent assistance. *People v. Johnson*, 128 Ill.

2d 253, 538 N.E.2d 1118 (1989). Representation based on the law prevailing at the time of trial is adequate, and counsel is not incompetent for failing to accurately predict that existing law will change. *People v. Hartfield*, 232 Ill. App. 3d 198, 596 N.E.2d 703 (1992). The same principles apply for claims of inadequate representation on direct appeal. *People v. Barnard*, 104 Ill. 2d 218, 470 N.E.2d 1005 (1984). Appellate counsel is not required to raise issues that he reasonably determines are not meritorious. *People v. Collins*, 153 Ill. 2d 130, 606 N.E.2d 1137 (1992).

■ In this case, the defendant has not demonstrated that his attorneys' conduct fell below reasonable professional standards based on prevailing law. A logical review of the law in effect at the time of trial and throughout the period of the defendant's direct appeal confirmed the constitutionality of the Child Shield Act. The Act did not violate the sixth amendment confrontation clause of the Constitution of the United States (*Maryland v. Craig*, 497 U.S. 836, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990)), and the "face-to-face" clause of article I, section 8, of the Illinois Constitution had been ruled coequal to the sixth amendment guarantee (*People v. Tennant*, 65 Ill. 2d 401, 358 N.E.2d 1116 (1976)). As such, both trial and appellate counsel could reasonably presume that the Act was not unconstitutional. Their failure to foresee that the supreme court would find otherwise is not incompetence. See *Hartfield*, 232 Ill. App. 3d 198, 596 N.E.2d 703. Therefore, the trial court properly ruled that the defendant's attorneys' failure to preserve the state constitutional issue at trial and on direct appeal was not professional incompetence.

### Trial Court's Reliance on Unpublished Rule 23 Order

Finally, the defendant contends that the trial court improperly relied on the unpublished appellate decision in *Dean* when it rejected his postconviction claims. However, since the trial court reached the correct result, its stated reasons, even if erroneous, do not entitle the defendant to relief on appeal. *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994).

### CONCLUSION

For the reasons stated, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

LYTTON, P.J., and HOLDRIDGE, J., concur.