2023 IL App (1st) 230238-U

No. 1-23-0238

Order filed March 2, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Logan County. |
| | ) | |
| v. | ) | No. 17 CF 203 |
| | ) | |
| JEREMIAH FRIEND, | ) | Honorable |
| | ) | William G. Workman, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed defendant's postconviction petition at the first
stage where his petition failed to state the gist of a constitutional violation.

¶ 2    Defendant Jeremiah Friend appeals from the circuit court's order summarily dismissing his

*pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.*

(West 2020)). On appeal, defendant contends that his petition stated an arguable claim that his

guilty plea was involuntary because of trial counsel's ineffective assistance in failing to file a motion to suppress evidence.

¶ 3    For the following reasons, we affirm the judgment of the circuit court.[1]

¶ 4                                I. BACKGROUND

¶ 5    Defendant was charged by indictment with two counts of attempt first degree murder. Count 1 named Manuel Pratt as the victim and count 2 named Alonzo Rose as the victim. Each count also alleged that defendant committed the offense by personally discharging a firearm that caused great bodily harm, permanent disability, permanent disfigurement, or death, which if proved at trial, would require a sentence of 25 years to natural life in addition to the sentence for the underlying offense. Defendant was also charged with aggravated battery and aggravated discharge of a firearm.

¶ 6    On February 4, 2019, defendant pleaded guilty to count 1 of the indictment. The factual basis was crafted to remove any mention of the harm caused, reducing the mandatory add-on from 25 years to 20 years. Defendant was to receive the minimum sentence for attempt first degree murder, 6 years, with the minimum add-on of 20 years, for a total sentence of 26 years. Counts 2-4 were all dismissed as well as a pending traffic ticket. The State provided the following factual basis:

> "Manuel Pratt would testify that on October 1st, 2017, he was outside his residence
> where he was working on his vehicle; that another vehicle pulled up to his
> residence; that this defendant, who would be identified in open court, exited that

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

vehicle with a firearm in his hand; and that this defendant pointed the firearm at Manuel Pratt and discharged it striking Manuel Pratt in the chest."

Trial counsel stipulated that the factual basis "would substantially be the State's evidence if this matter proceeded to trial." The trial court questioned defendant and found the plea to be knowing and voluntary. Defendant was sentenced, as agreed, to a total of 26 years' imprisonment.

¶ 7     On April 11, 2022, defendant filed a postconviction petition. The only claim defendant raised was that trial counsel was ineffective for failing to challenge the execution of a search warrant for his Snapchat account. Defendant's primary argument, citing 725 ILCS 5/108-6, was that the search warrant was void due to the expiration of 96 hours between the warrant's issuance and its execution. Defendant stated that had trial counsel uncovered the statutory violation and made a successful motion to suppress the Snapchat evidence, trial counsel would not have advised defendant to plead guilty. Defendant concluded that he was prejudiced by trial counsel's ineffectiveness because he would have insisted on going to trial if he had been properly advised about the inadmissibility of the Snapchat evidence.

¶ 8     Defendant attached five exhibits to his petition. Exhibit A was a complaint for search warrant and search warrant. The place to be searched in the warrant was "Snapchat, Inc. for any and all records of information" for the accounts of AidynThomas and Jaybaybee17. The warrant was issued on December 19, 2017. Exhibit B was a transcript from codefendant Gerald Thomas Jr.'s trial where Detective Sergeant Matthew Comstock testified that the Jaybaybee17 account was linked to defendant. Exhibit C was a group of photos apparently introduced at Thomas's trial. One photo is described as showing defendant holding a gun and smoking a "blunt." Exhibit D was

defendant's affidavit. Defendant stated that he unequivocally wanted to go to trial but that trial counsel advised him that the Snapchat evidence would look bad especially because one photo showed defendant holding a weapon on the morning of the shooting. Trial counsel advised defendant that he would be found guilty based on the Snapchat evidence as long as the State was able to corroborate that evidence. If found guilty on all the charges, defendant would have been "looking at 90 years instead of the 26 years that the State was offering." Exhibit E was Thomas's affidavit. Thomas stated that he met defendant in prison in March 2022 and shared the record in his case, which Thomas stated showed that defendant's constitutional rights were violated.

¶ 9 The trial court dismissed defendant's petition at the first stage of proceedings. The court concluded that the lone claim defendant raised was frivolous and patently without merit. Defendant's guilty plea waived all non-jurisdictional errors. The trial court rejected the ineffective assistance claim because defendant incorrectly focused on the date the warrant was returned as opposed to the date it was executed. The trial court reasoned that the date the warrant was executed was the time it was served on Snapchat by electronic means.

¶ 10 The trial court entered its order dismissing defendant's petition on July 8, 2022. Defendant filed his notice of appeal on August 3, 2022. This is a direct appeal of the trial court's judgment.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues that his petition stated an arguable claim "that his trial counsel was ineffective because counsel failed to move to suppress evidence thereby rendering [his] plea involuntary." Defendant continues that it is arguable that effective counsel would have filed a motion to suppress evidence obtained due to a stale search warrant. Had trial counsel filed the motion, it is arguable that the Snapchat evidence would have been suppressed. Defendant

concludes that trial counsel's deficient performance rendered his plea unintelligent and involuntary because defendant would have opted to go to trial had counsel gotten the Snapchat evidence suppressed.

¶ 13    The State responds that defendant's petition lacks specificity, clarity, and consistency. The State continues that defendant's claim is contradicted by the record where the Snapchat evidence was not part of the factual basis supporting the plea and defendant received a highly favorable plea agreement. The State also argues that defendant had no reasonable expectation of privacy in his Snapchat because the photographs were placed in public view. Finally, the State argues that the warrant was executed timely when the warrant was served on Snapchat and any delay in Snapchat's response was not attributable to the State.

¶ 14    The Act provides a three-stage process by which a criminal defendant may assert that his conviction resulted from the substantial denial of a constitutional right. *People v. Myles*, 2020 IL App (1st) 171964, ¶ 17; *People v. Delton*, 227 Ill. 2d 247, 253 (2008). At the first stage of a postconviction proceeding, the defendant is required to set forth only the "gist" of a constitutional claim, and the circuit court may summarily dismiss the petition if it finds that the petition is frivolous or patently without merit, *i.e.*, that it has no arguable basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 9-10 (2009). We review the summary dismissal of a postconviction petition *de novo*. *Id*. at 9.

¶ 15    "A criminal defendant is guaranteed the right to the effective assistance of counsel by both the United States and Illinois Constitutions." *People v. Johnson*, 2021 IL 126291, ¶ 52; U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.  Ineffective assistance of counsel claims are governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984),

and adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504, 525 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88. "At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if (1) counsel's performance arguably fell below an objective standard of reasonableness and (2) the petitioner was arguably prejudiced by the deficient performance." *People v. Hatter*, 2021 IL 125981, ¶ 25.

¶ 16    The right to the effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[A] voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). Because a plea is valid only if it was voluntary and intelligent, counsel's conduct is deficient under the first prong of *Strickland* if the attorney failed to ensure that the defendant entered the plea voluntarily and intelligently. *People v. Presley*, 2012 IL App (2d) 100617, ¶ 23. "Whether a plea of guilty is unintelligent and vulnerable depends not on whether a court would retrospectively consider counsel's advice to be right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases." *People v. Palmer*, 162 Ill. 2d 465, 475 (1994). "[A] defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility" of particular evidence. *McMann v. Richardson*, 397 U.S. 759, 770 (1970).

¶ 17    For prejudice in this context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." *Hill*, 474 U.S. at 59. A bare allegation that, but for the mistaken advice, a defendant would have insisted on trial is not enough to establish prejudice. *People v. Rissley*, 206 Ill. 2d 403, 459 (2003). Instead, "a defendant must assert either a claim of actual innocence or articulate a plausible defense that could have been raised at trial." *People v. Hughes*, 2012 IL 112817, ¶ 64. A defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

¶ 18 Defendant's argument is premised on an alleged violation of section 108-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/108-6 (West 2020)). Defendant's petition included a search warrant for his Snapchat account information that was issued on December 19, 2017. The petition also included a warrant return, where Detective Comstock stated that he entered and searched a USB flash drive containing defendant's Snapchat information. Detective Comstock stated that he searched the flash drive on January 20, 2018. Defendant claims that it is at least arguable that the delay between the issuance and execution of the search warrant violates section 108-6 and that effective counsel would have filed a motion to suppress the Snapchat evidence on that basis.

¶ 19 Section 108-6 of the Code provides:

"Execution of Search Warrants. The warrant shall be executed within 96 hours from the time of issuance. If the warrant is executed the duplicate copy shall be left with any person from whom any instruments, articles or things are seized or if no person is available the copy shall be left at the place from which the instruments, articles or things were seized. Any warrant not executed within such time shall be void and

shall be returned to the court of the judge issuing the same as 'not executed.' " 725

ILCS 5/108-6 (West 2020).

In *People v. Shinohara*, this court declined to apply section 108-6 to the forensic analysis of a computer. *People v. Shinohara*, 375 Ill. App. 3d 85, 106 (2007) (emphasizing that section 108-6 was enacted in 1963, "well before the computer age"). This court reasoned that "our state legislature did not draft section 108–6 with computer searches in mind and would not have intended for the 96–hour rule included in that section to be mechanically applied to all computer searches." *Id*. In sum, the 96-hour rule, which the legislature described as an "arbitrary figure with an eye to giving the officer some leeway as a practical matter," is impractical when it comes to the seizure and analysis of computers and other electronically stored information. *Id*. at 106-07, quoting 725 ILCS 5/108-6, Committee Comments-1963 (Smith Hurd 1992). Under *Shinohara*, even if we accepted defendant's contention that the warrant was not executed until January 20, 2018, "in the factual context of this case the officers were not required to execute the warrant within 96 hours of its issuance." *Id*. at 107.

¶ 20     Federal courts have similarly declined to apply the 10-day rule found in Federal Rule of Criminal Procedure 41 to computer searches. See *United States v. Hernandez*, 183 F. Supp. 2d 468, 480 (D.P.R. 2002) ("Neither Fed. R. Crim. P. 41 nor the Fourth Amendment provides for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant."); *United States v. Gorrell*, 360 F. Supp. 2d 48, 55 n.5 (D.D.C. 2004) ("The warrant did not limit the amount of time in which the government was required to complete its off-site forensic analysis of the seized items and the courts have not imposed such a prophylactic constraint on law enforcement."); see also *Maine v. Nadeau*, 1 A.3d

445, 463 (Me. 2010) ("[T]he State's forensic examination of the computer after the ten-day return period specified in the warrant was neither unconstitutional nor a violation of M. R. Crim. 41(d)."). The general premise behind these decisions is that the warrant rules, designed for the execution of warrants in physical spaces, prove an "impossible standard to meet in practice" for computer searches. See Orin Kerr, Search Warrants in an Era of Digital Evidence, 75 Miss. L.J. 85, 103 (2005).

¶ 21    We recognize that the search here was of a flash drive containing Snapchat information and not the search of an entire computer. However, the sentiment remains the same. It would be impractical in theory to require the police to serve the warrant on Snapchat, have Snapchat put together the information on a flash drive and deliver it to the police, and have the police analyze the contents of the flash drive all within 96 hours. To be sure, any subsequent analysis of the flash drive would be subject to a Fourth Amendment reasonableness analysis. See *People v. McCavitt*, 2021 IL 125550, ¶¶ 106-08 (explaining that "the fourth amendment requires the government to complete its review of digital data within a reasonable period of time"). But defendant has not argued that the slight delay was unreasonable under the Fourth Amendment. Defendant has also not argued that the search exceeded the scope of the warrant, that probable cause dissipated between the issuance of the warrant and the analysis of defendant's Snapchat data, or that he was otherwise prejudiced in any way.

¶ 22    Under this set of facts, it is not arguable that counsel's performance was deficient. "Representation based on the law prevailing at the time of trial is adequate, and counsel is not incompetent for failing to accurately predict that existing law will change." *People v. Weninger*, 292 Ill. App. 3d 340, 345 (1997). At the time of defendant's plea, courts had unanimously rejected

a mechanical application of time limits designed for searches of physical locations as applied to searches of digital mediums. It is not arguable that trial counsel provided deficient performance under the circumstances in this case.

¶ 23    Defendant's claim also fails because he did not sufficiently allege prejudice. Defendant made no allegation in his petition that he would have been "better off" going to trial. See *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (explaining that when a defendant's decision to plead guilty or go to trial turns on the prospects of success, a defendant must show that he "would have been better off going to trial"). Defendant did not, in his petition, "assert either a claim of actual innocence or articulate a plausible defense that could have been raised at trial." See *Hughes*, 2012 IL 112817, ¶ 64. Defendant also did not assert any facts to show that a "decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. Instead, defendant baldly asserted that he would "have went to trial" had trial counsel made the motion to suppress the Snapchat evidence. On appeal, defendant has not claimed that the petition contains any of these necessary allegations. Defendant has simply maintained that, as prejudice, he "would not have pleaded guilty had counsel gotten said evidence suppressed." Defendant's claim of prejudice is insufficient as a matter of law.

¶ 24    As the United States Supreme Court has succinctly stated: "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee*, 137 S. Ct. at 1967. The reason why defendants cannot obtain relief by merely asserting that they would have pleaded not guilty but for counsel's mistaken advice is that society has a strong interest in finality, which takes on even greater force "with respect to convictions based on guilty pleas." See *United States v. Timmreck*, 441 U.S. 780, 784

(1979). Thus, to upset the expectation of finality brought by a guilty plea, a defendant must assert either a claim of actual innocence or a plausible defense to the charges.

¶ 25    Defendant here did neither. The rationale behind rejecting a claim like defendant's is that "there is no arguable advantage to [defendant] in withdrawing his guilty plea unless he has a claim of innocence or some plausible defense." *Hatter*, 2021 IL 125981, ¶ 38. Defendant faced two counts of attempt first degree murder, Class X felonies alleged to have been committed against two separate victims, with a sentencing range of between 6 and 30 years. Each count also alleged that defendant personally discharged a firearm causing a level of harm that would mandate an add-on of between 25 years and natural life. Thus, if convicted of counts 1 and 2, defendant faced a sentence of between 31 years and natural life on each count. It is also reasonable to infer that the sentences would have had to have been served consecutively, as each was a Class X felony and defendant likely caused "severe bodily injury" by shooting Pratt in the chest. See 730 ILCS 5/5-8-4(d)(2) (West 2018) (providing that sentences must be served consecutively where "[o]ne of the offenses for which the defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury"). The plea deal allowed defendant to be sentenced on a single count to a term under the mandatory minimum required under count 1 of the indictment. Counts 2, 3, and 4 were dismissed. It is beyond debate that defendant received a highly favorable plea deal that spared defendant, if convicted on all counts, from spending much of the remainder of his life in prison.

¶ 26    Against that highly favorable outcome, defendant alleged no facts to suggest it would have been rational to reject the plea deal and proceed to trial. Defendant mounts no challenge to or explanation of how Pratt's identification would have been undermined at trial. Defendant presents

no other factual allegations supporting an actual innocence claim or a plausible defense to any of the charges. As our supreme court has recognized, "a defendant without a viable defense is highly likely to lose at trial and rarely could establish prejudice from accepting a favorable plea deal." *People v. Brown*, 2017 IL 121681, ¶ 35 (discussing *Lee v. United States*, 137 S. Ct. 1958 (2017)).

¶ 27    In short, while we recognize that the bar is low at the first stage under the Act, a defendant challenging the voluntariness of his guilty plea must still allege facts to arguably establish that a decision to reject a plea and proceed to trial would have been rational under the circumstances. What makes a decision to reject a plea rational under Illinois law is that the defendant had an actual innocence claim or other plausible defense to the charges. As defendant asserted no facts in his petition on either basis, he did not set out a claim that he was arguably prejudiced by trial counsel's failure to file a motion to suppress the Snapchat evidence.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 30    Affirmed.