NOTICE
Decision filed 06/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230304-U

NO. 5-23-0304

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 08-CF-1453 |
| | ) | |
| LORTEZ THOMAS, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the dismissal of defendant's second amended postconviction petition for failure to make a substantial showing of a constitutional violation.

¶ 2    Following a jury trial, defendant, Lortez Thomas, an intellectually disabled man, was found guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) and sentenced to 60 years in prison. Defendant appeals from the trial court's second-stage dismissal of his second amended postconviction petition, filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), alleging that the trial court's imposition of a 60-year sentence amounted to an unconstitutional *de facto* life sentence, as applied to him, in violation of the Illinois proportionate penalties clause (Ill. Const. 1970, art. I, § 11), especially where the record demonstrates defendant's diminished capacity, intellectual disability, and rehabilitative potential.

1

Defendant also argues that appellate counsel rendered ineffective assistance for failure to raise this issue on direct appeal. For the following reasons, we affirm.

¶ 3                                    I. Background

¶ 4      We recite only those facts relevant to the issues on appeal, provided defendant's previous appeal set forth in great length the details of defendant's case. See *People v. Thomas*, 2018 IL App (5th) 140465-U.

¶ 5      In December 2008, the State charged defendant by indictment with one count of first degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) and two counts of criminal sexual assault (*id.* § 12-13(a)(1)). In October 2009 and March 2010, prior to defendant's May 2014 jury trial, Dr. Daniel J. Cuneo evaluated defendant to determine his psychological and mental capacities to waive his *Miranda* rights. See *Miranda v. Arizona*, 384 U.S. 436 (1966). Following the evaluation, Dr. Cuneo concluded that defendant's drug dependence and moderate mental retardation "substantially impaired his ability to knowingly, intelligently, and willingly waive" his *Miranda* rights. Following an evaluation in May 2010, Dr. Cuneo found defendant unfit to stand trial. In October 2010, the trial court found defendant fit to stand trial. In May 2014, a jury found defendant guilty of first degree murder, and the court sentenced him to 60 years in prison. Because the jury determined that defendant discharged a firearm during the commission of the offense, the court imposed a mandatory sentencing enhancement of 25 years in prison. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2022) (statutory sentencing enhancement ranges from 25 years or up to a term of natural life in prison). This court affirmed defendant's conviction and sentence but corrected defendant's mittimus to reflect days spent in treatment at the Illinois Department of Human Services. See *Thomas*, 2018 IL App (5th) 140465-U, ¶ 44.

¶ 6    On January 25, 2019, defendant filed a *pro se* petition for postconviction relief pursuant to the Act, challenging, *inter alia*, his sentence. Specifically, defendant argued that his 60-year sentence was unconstitutional under the Illinois proportionate penalties clause and amounted to a *de facto* life sentence with no opportunity "to rehabilitate himself into a useful member of society." Defendant argued that "juvenile and adults with intellectual disabilities" should be treated similarly, pursuant to *Miller v. Alabama*, 567 U.S. 460, 483-84 (2012), and *Atkins v. Virginia*, 536 U.S. 304, 321 (2002). Defendant also argued ineffective assistance of appellate counsel for the "constitution[al] violations within this petition."

¶ 7    On April 17, 2019, the trial court determined that defendant's *pro se* petition for postconviction relief set forth the gist of a constitutional claim. The court appointed counsel to represent defendant and granted defendant leave to file an amended postconviction petition.

¶ 8    On October 31, 2019, defendant, represented by counsel, filed an amended postconviction petition, arguing, *inter alia*, that defendant's *de facto* life sentence violated the eighth amendment to the United States Constitution and the Illinois proportionate penalties clause, given the record demonstrated that defendant possessed intellectual challenges and deficiencies to intelligently, knowingly, and willingly waive his *Miranda* rights. Defendant, with reliance on *People v. Coty*, 2014 IL App (1st) 121799-U; *People v. Coty*, 2018 IL App (1st) 162383; and *Atkins*, 536 U.S. 304, argued that mandatory life sentences imposed on intellectually challenged individuals were unconstitutional. Defendant also argued that appellate counsel rendered ineffective assistance of counsel for "fail[ing] to raise on appeal the issues set forth in this Amended Petition."

¶ 9    On January 9, 2020, the State filed a motion to dismiss defendant's amended postconviction petition, arguing that all of defendant's claims, except his claims of ineffective assistance of appellate counsel, involved matters already decided, or issues that could have been

3

raised, on direct appeal. Pertinent to this appeal, the State argued that the constitutionality of defendant's sentence was barred by the doctrine of *res judicata* or waiver. Specific to defendant's claim of ineffective assistance of appellate counsel, the State argued that defendant's petition failed to show that appellate counsel rendered deficient performance or that defendant suffered prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 10    On June 24, 2020, defendant filed a *pro se* motion to withdraw postconviction counsel, asserting his desire to hire private counsel. On April 7, 2021, the trial court discharged defendant's appointed counsel.

¶ 11    On September 28, 2022, after multiple extensions to file an amended postconviction petition, defendant's private counsel, Attorney Joslyn Sandifer, filed a second amended postconviction petition, arguing, *inter alia*, that defendant's *de facto* life sentence, which the trial court imposed on an intellectually challenged individual, was unconstitutional under the eighth amendment and the Illinois proportionate penalties clause, pursuant to *Coty*, 2014 IL App (1st) 121799-U; *Coty*, 2018 IL App (1st) 162383; and *Atkins*, 536 U.S. 304. Defendant also argued that appellate counsel rendered ineffective assistance by failing to raise on appeal the issues set forth in the petition.

¶ 12    On October 27, 2022, the State filed a motion to dismiss defendant's second amended postconviction petition. The State incorporated its January 9, 2020, motion to dismiss by reference and also argued that defendant's argument concerning his sentence "[wa]s flawed in a number of ways." Specifically, the State argued that defendant "[wa]s not under a sentence of death, which would bring him within the ambit of *Atkins v. Virginia*, 536 U.S. 304." In addition, because the Illinois Supreme Court in *People v. Coty*, 2020 IL 123972, ¶ 52 overruled the First District Appellate Court in *Coty*, 2018 IL App (1st) 162383, which defendant relied on, the State argued

4

that "*Atkins* protections did not extend to a person sentenced to a *mandatory* term of natural life. Those protections would certainty not extend to Defendant." (Emphasis in original.) The State argued, again, that defendant failed to make a sufficient showing under *Strickland* as to ineffective assistance of appellate counsel.

¶ 13    On January 5, 2023, following a December 21, 2022, hearing on the State's motion to dismiss, the trial court determined that defendant failed to establish that he suffered a substantial denial of his constitutional rights to advance to a third-stage evidentiary hearing. In granting the State's motion to dismiss, the court determined that defendant's claims, aside from his claim of ineffective assistance of appellate counsel, not only lacked merit but were waived or barred by the doctrine of *res judicata*. Having determined that defendant's arguments lacked merit, the trial court concluded that appellate counsel could not be ineffective for failing to raise the issues.

¶ 14    On February 3, 2023, defendant, represented by counsel, filed a motion to reconsider, arguing that appellate counsel's failure to thoroughly articulate "trial counsel's failure to address [defendant's] mental health circum[s]tances at the very least *** fell below the proper standard of care" and resulted in a "grave miscarriage of justice." The trial court subsequently denied defendant's motion to reconsider, and defendant filed a timely *pro se* notice of appeal.

¶ 15                                II. Analysis

¶ 16    On appeal, defendant argues that the trial court's imposition of a 60-year *de facto* life sentence, as applied to him—an intellectually disabled man—, "shock[ed] the moral sense of the community" and "[wa]s not justified by the seriousness of the offense," in violation of the Illinois proportionate penalties clause of the Illinois Constitution, especially where the record demonstrates defendant's diminished capacity, intellectual disability, and rehabilitative potential.

5

In addition, defendant argues that appellate counsel rendered ineffective assistance for failing to raise this issue on direct appeal. We disagree.

¶ 17    The Act allows an incarcerated defendant to assert a substantial violation of his constitutional rights at trial. *People v. Bailey*, 2017 IL 121450, ¶ 17. A postconviction proceeding does not substitute for a direct appeal but instead "offers a mechanism for a criminal defendant to assert a collateral attack on a final judgment." *People v. Robinson*, 2020 IL 123849, ¶ 42. Proceedings under the Act are divided into three stages. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court may summarily dismiss a petition that is "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). If a trial court does not dismiss a petition at the first stage, it advances to the second stage where the court may appoint counsel, and the State may move to dismiss the defendant's petition. 725 ILCS 5/122-2.1(b) (West 2020). At the second stage, the defendant must make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 33. Such a showing is made when the petition's well-pled allegations, if proven at an evidentiary hearing, would entitle the defendant to relief. *Id.* The trial court does not engage in fact-finding or credibility determinations at this stage; rather, all well-pled facts not positively rebutted by the original trial record are taken as true. *Id.* If the petition fails to make a substantial showing of a constitutional violation, it is dismissed and does not advance to the third-stage evidentiary hearing. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 18    The second stage of postconviction proceedings tests only the legal sufficiency of the petition. *Domagala*, 2013 IL 113688, ¶ 35. "In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal

6

sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle [defendant] to relief." (Emphasis in original.) *Id.* That said, this inquiry does not require the trial court to make findings of fact or assess the parties' credibility. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). A motion to dismiss filed at the second stage "raises the sole issue of whether the petition being attacked is proper as a matter of law." *Id.* We review the trial court's determination at the second stage *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 19    At the outset, we address forfeiture. The State argues, and we agree, that defendant failed to raise his claim concerning the Illinois proportionate penalties clause on direct appeal, thus, he forfeited this issue. *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 21 (issues raised and decided on direct appeal or in a prior proceeding are barred by the principles of *res judicata*, and issues that could have been raised, but were not, are forfeited). Nevertheless, defendant alleges that the failure to raise this alleged error on direct appeal was due to appellate counsel's ineffectiveness. The doctrine of forfeiture does not bar the consideration of ineffective assistance of appellate counsel. *People v. Coleman*, 168 Ill. 2d 509, 522-23 (1995); *People v. Williams*, 209 Ill. 2d 227, 233 (2004) (the doctrines of *res judicata* and forfeiture are relaxed where fundamental fairness requires, the forfeiture stems from the ineffective assistance of appellate counsel, or the facts relating to the issue do not appear on the face of the original appellate record).

¶ 20    To establish that appellate counsel rendered ineffective assistance of counsel, a defendant must satisfy the standard set forth in *Strickland*, 466 U.S. at 685-87. As such, a defendant must show both that appellate counsel's performance was deficient and that, but for counsel's errors, there is a reasonable probability that the appeal would have been successful. *Id.* at 694; *People v. Petrenko*, 237 Ill. 2d 490, 497 (2010). Appellate counsel is not obligated to raise "every

conceivable issue on appeal," but rather is expected to "exercise professional judgment to select from the many potential claims of errors that might be asserted on appeal." *Williams*, 209 Ill. 2d at 243.

¶ 21 Appellate counsel's assessment of the merits of an issue depends on the state of the law at the time of the direct appeal. *English*, 2013 IL 112890, ¶ 34 (" 'Representation based on the law prevailing at the time of trial is adequate, and counsel is not incompetent for failing to accurately predict the existing law will change. [Citation.] The same principles apply for claims of inadequate representation on direct appeal.' " (quoting *People v. Weninger*, 292 Ill. App. 3d 340, 345 (1997))); see also *People v. Barnard*, 104 Ill. 2d 218 (1984)). Appellate counsel is also not required to raise issues that he reasonably determines are not meritorious. *English*, 2013 IL 112890, ¶ 34; see also *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). "[U]nless the underlying issues are meritorious, [a] defendant has suffered no prejudice from counsel's failure to raise them on appeal." *People v. Easley*, 192 Ill. 2d 307, 329 (2000).

¶ 22 Here, contrary to defendant's argument, the basis on which he seeks to invalidate his sentence—as unconstitutional, as applied to him, under the Illinois proportionate penalties clause—was not supported by precedent at the time of his direct appeal. Rather, defendant relies on "the initial appellate decision in *Coty I* [which] existed at the time of [defendant's] sentence," asserting that appellate counsel "could have based its argument on this case," which held that " 'statutory scheme was disproportionate as applied to the defendant, so as to shock the moral sense of our community.' " See *People v. Coty*, 2014 IL App (1st) 121799-U, ¶ 65. However, we note that defendant refers to an unpublished Rule 23 order of the First District for support.

8

Importantly, under a prior version of Illinois Supreme Court Rule 23, litigants were prohibited from citing unpublished orders as precedential value except to support contentions such as double jeopardy, *res judicata*, collateral estoppel, and law of the case. Ill. S. Ct. R. 23(e)(1), Committee Comments (eff. Jan. 1, 2021). Although we acknowledge that the current rule authorizes litigants to cite nonprecedential orders entered after January 1, 2021, for persuasive purposes, the prior version of Illinois Rule 23 prohibited counsel from citing unpublished orders at the time of defendant's direct appeal. *Id.*

¶ 23    Furthermore, we note that the First District published an opinion in *Coty*, 2018 IL App (1st) 162383, ¶ 77 (held that the trial court imposed a 50-year *de facto* life sentence on the defendant, without the procedural safeguards set forth in *Atkins*, 536 U.S. at 320, and *Miller*, 567 U.S. 460, violating the moral sense of our community) on August 8, 2018—15 days before this court entered a Rule 23 order affirming, as modified, defendant's direct appeal. *Thomas*, 2018 IL App (5th) 140465-U. However, at the time appellate counsel filed defendant's appeal in September 2014 and then presented oral argument before this court in September 2017, the controlling law under *Atkins* (eighth amendment prohibits capital punishment of individuals with intellectual disabilities) and *Miller* (unconstitutional to impose life without parole sentences on individuals under 18 years of age at the time of the crime) did not extend sentencing considerations to adult individuals with intellectual disabilities outside the context of capital punishment. Although we recognize that appellate counsel could have filed a motion to supplement before this court, defendant does not raise this argument in this appeal. Even if appellate counsel would have raised this issue on direct appeal and later supplemented the record with *Coty*, 2018 IL App (1st) 162383, we are not bound by the decisions of our fellow appellate districts. *In re Application of County Treasurer*, 292 Ill. App. 3d 310, 315 (1997). Moreover, as stated above, our supreme court in *Coty*,

2020 IL 123972, ¶ 52, overruled the First District in *Coty*, 2018 IL App (1st) 162383, expressly rejecting a challenge by the defendant to expand the proportionate penalties clause under *Atkins* and *Miller*.

¶ 24    Given the state of the law at the time of defendant's direct appeal, we cannot conclude that defendant set forth an arguable claim that appellate counsel's performance amounted to objectively unreasonable assistance. Accordingly, we cannot excuse forfeiture in the instant case based on ineffective assistance of counsel. See *English*, 2013 IL 112890, ¶ 35.

¶ 25                                    III. Conclusion

¶ 26    For the foregoing reasons, we affirm the trial court's second-stage dismissal of defendant's second amended postconviction petition.

¶ 27    Affirmed.